**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| STEVEN THALER, an individual, | |
| Plaintiff, | |
| v. | Civil Action No. 22-1564 (BAH) |
| SHIRA PERLMUTTER, in her official capacity as Register of Copyright and Director of the United States Copyright Office; and THE UNITED STATES COPYRIGHT OFFICE, | Chief Judge Beryl A. Howell |
| Defendants. | |

**ANSWER**

Defendant, Shira Perlmutter, in her official capacity as Register of Copyright and Director of the United States Copyright Office, and Defendant, the United States Copyright Office, through undersigned counsel hereby answer the averments of Plaintiff's Complaint. Each of the paragraphs numbered 1 to 66 responds to the corresponding paragraph in the Complaint. All averments in the Complaint are denied except for those expressly admitted to below. To the extent that the headings or any other non-numbered statements in the Complaint contain any allegations, Defendants deny each and every such allegation.

As to the initial, unnumbered paragraph, Defendants admit that Stephen Thaler is the Plaintiff and that Shira Perlmutter, in her official capacity as Register of Copyright and Director of the United States Copyright Office, and the United States Copyright Office ("Copyright Office") are the Defendants. To the extent the paragraph is deemed to contain allegations that require a response, the same are denied.

## NATURE OF ACTION

1.       Defendants lack knowledge and information sufficient to form a belief as to the truth of Plaintiff's assertions regarding Dr. Thaler's "business" and those allegations are deemed denied.  The remainder of Paragraph 1 is a conclusory statement made by Plaintiff that requires no response.  To the extent the paragraph is deemed to contain allegations that require a response, the same are denied.

2.       Defendants admit that Dr. Thaler "filed to register copyright for an AI-Generated Work" titled "A Recent Entrance to Paradise" with the Copyright Office.  Defendants further admit that the application named "Creativity Machine" as the Author and "Steven Thaler" as the Copyright Claimant.  Any remaining allegations are denied.

3.       Defendants admit that the Copyright Office denied registration of a copyright in the work titled "A Recent Entrance to Paradise" and the quoted language in Paragraph 3 is contained within the Copyright Review Board's ("Board") final decision, quoting the Copyright Office's Initial Letter Refusing Registration.  Further, Defendants admit that the Board's determination constitutes a final agency action.  Any remaining allegations are denied.

4.       Denied.

5.       Paragraph 5 is an argumentative, conclusory statement made by Plaintiff that requires no response.  To the extent the paragraph is deemed to contain allegations that require a response, the same are denied.

6.       Defendants admit that pursuant to 5 U.S.C. § 704, the Administrative Procedure Act, final agency actions are subject to judicial review.  The remainder of Paragraph 6 is a statement of Plaintiff's objectives that requires no response.  To the extent that an answer is deemed to be required, the allegations are denied, and Plaintiff is not entitled to the relief sought.

7.      Paragraph 7 is a conclusory statement that requires no response.  To the extent the paragraph is deemed to contain allegations that require a response, Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations and the same are deemed denied.

## JURISDICTION AND VENUE

8.      Defendants admit that Plaintiff purports to bring an action under the Administrative Procedure Act (5 U.S.C. §§ 701-706).  Defendants deny that all relief sought by Plaintiff is available under the Administrative Procedures Act.  Further, Defendants admit that the Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a), and 1361.  Defendants deny that 28 U.S.C. §§ 2201-2022 [*sic*] provides the Court "subject matter jurisdiction."

9.      Defendants admit that pursuant to 28 U.S.C. § 1391(e), venue is proper.

## PARTIES

10.      Defendants admit that Stephen Thaler, in his individual capacity, is identified as the Plaintiff.  As to the remaining averments of Paragraph 10, Defendants lack knowledge and information sufficient to form a belief as to the truth of the averments and those averments are deemed denied.

11.      Defendants admit that Plaintiff submitted a copyright registration application in the work titled "A Recent Entrance to Paradise" to the Copyright Office.  Any remaining allegations are denied.

12.      Defendants admit that Shira Perlmutter is Register of Copyrights and Director of the Copyright Office.  Defendants further admit that the Register is responsible for overseeing the Copyright Office's decision to register copyrights and has the authority to direct the

registration of a copyright application, as described in 17 U.S.C. § 701(a).  Any remaining allegations are denied.

13.    Defendants admit that the Copyright Office is a department of the Library of Congress and that the Copyright Office issues registrations regarding copyright claims and maintains records of copyright ownership.

## FACTUAL BACKGROUND[1]

14.    As to the first clause of the sentence of Paragraph 14, Defendants lack knowledge and information sufficient to form a belief as to the truth of the assertions and those assertions are deemed denied.  The second clause of the sentence of Paragraph 14 is a conclusory statement made by Plaintiff that requires no response.  To the extent the paragraph is deemed to contain allegations that require a response, the same are denied.

15.    Defendants admit that Plaintiff's copyright registration application in the work titled "A Recent Entrance to Paradise" (the "Work") is the subject of instant action and that in the copyright registration application, the "author" of the Work is listed as "Creativity Machine." Defendants further admit that the two-dimensional artwork reproduced in Paragraph 15 appears to be the Work, which is the subject of the copyright registration application at issue.  Any remaining allegations are denied.

16.    Defendants admit that on November 3, 2018, Plaintiff filed an application ("the Application") to register the Work.  Defendants further admit that the application was assigned the service request number 1-7100387071.

---

[1] The section headings of the Complaint from this point forward until "Causes of Action" have been omitted, as they are unnecessary and generally unhelpful.  Omission of the headings is neither an admission nor denial of the content of the headings.

17.     The Application Plaintiff submitted to the Copyright Office speaks for itself.  To the extent the allegations of Paragraph 17 paraphrase or characterize the Application, Defendants deny the allegations to the extent they are inconsistent with the Application.  Any remaining allegations are denied.

18.     The Application Plaintiff submitted to the Copyright Office speaks for itself.  To the extent the allegations of Paragraph 18 paraphrase or characterize the Application, Defendants deny the allegations to the extent they are inconsistent with the Application.  Any remaining allegations are denied.

19.     Defendants admit that the Copyright Office sent a refusal letter to Plaintiff dated August 12, 2019.  The refusal letter speaks for itself.  To the extent the allegations of Paragraph 19 paraphrases or characterizes the letter, Defendants deny the allegations to the extent they are inconsistent with the letter.  Any remaining allegations are denied.

20.     Defendants admit that Plaintiff submitted two requests for reconsideration, one on September 23, 2019[2] and one on May 27, 2020.  The requests Plaintiff submitted to the Copyright Office speak for themselves.  To the extent the allegations of Paragraph 20 paraphrase or characterize the requests, Defendants deny the allegations to the extent they are inconsistent with the requests.  Any remaining allegations are denied.

21.     Defendants admit that the Copyright Office sent a first refusal letter to Plaintiff dated March 30, 2020.  The letter speaks for itself.  To the extent the allegations of Paragraph 21 paraphrase or characterize the letter, Defendants deny the allegations to the extent they are inconsistent with the letter.  Any remaining allegations are denied.

---

[2] Defendants note that the top of Plaintiff's First Request is dated September 8, 2019, but the attorney's signature block has a date of September 23, 2019.

22.     Defendants admit that the Copyright Office sent a second refusal letter to Plaintiff dated February 14, 2022.  The letter speaks for itself.  To the extent the allegations of Paragraph 22 paraphrase or characterize the letter, Defendants deny the allegations to the extent they are inconsistent with the letter.  Any remaining allegations are denied.

23.     The second refusal letter speaks for itself.  To the extent the allegations of Paragraph 23 paraphrase or characterize the letter, Defendants deny the allegations to the extent they are inconsistent with the letter.  Any remaining allegations are denied.

24.     The second refusal letter speaks for itself.  To the extent the allegations of Paragraph 24 paraphrase or characterize the letter, Defendants deny the allegations to the extent they are inconsistent with the letter.  Any remaining allegations are denied.

25.     The second refusal letter speaks for itself.  To the extent the allegations of Paragraph 25 paraphrase or characterize the letter, Defendants deny the allegations to the extent they are inconsistent with the letter.  Any remaining allegations are denied.

26.     The second refusal letter speaks for itself.  To the extent the allegations of Paragraph 26 paraphrase or characterize the letter, Defendants deny the allegations to the extent they are inconsistent with the letter.  Any remaining allegations are denied.

27.     The second refusal letter speaks for itself.  To the extent the allegations of Paragraph 27 paraphrase or characterize the letter, Defendants deny the allegations to the extent they are inconsistent with the letter.  Any remaining allegations are denied.

28.     The second refusal letter speaks for itself.  To the extent the allegations of Paragraph 28 paraphrase or characterize the letter, Defendants deny the allegations to the extent they are inconsistent with the letter.  Any remaining allegations are denied.

29.     Paragraph 29 includes statements of law that require no response.  Paragraph 29 also includes conclusory statements made by Plaintiff that require no response.  To the extent the paragraph is deemed to contain allegations that require a response, the same are denied.

30.     The first sentence of Paragraph 30 is a conclusory statement made by Plaintiff that requires no response.  The remaining sentences of Paragraph 30 are quotations of law that require no response.  To the extent the paragraph is deemed to contain allegations that require a response, the same are denied.

31.     As to the first sentence of Paragraph 31, denied.  The third sentence of Paragraph 31 includes a quotation from the second refusal letter, the letter speaks for itself.  To the extent the allegation in the third sentence of Paragraph 31 paraphrases or characterizes the letter, Defendants deny the allegations to the extent they are inconsistent with the letter.  The remainder of Paragraph 31 includes conclusory statements made by Plaintiff that require no response.  To the extent that an answer is deemed to be required, the allegations are denied.

32.     Paragraph 32 is a conclusory statement made by Plaintiff that requires no response.  To the extent that an answer is deemed to be required, Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations, and those allegations are deemed denied.

33.     As to the first sentence of Paragraph 33, the second refusal letter speaks for itself. To the extent the allegation in the first sentence of Paragraph 33 paraphrases or characterizes the letter, Defendants deny the allegations to the extent they are inconsistent with the letter.  The second and third sentences of Paragraph 33 are conclusory statements made by Plaintiff that require no response.  To the extent that an answer is deemed to be required, the allegations are denied.

34.     Paragraph 34 is a conclusory statement made by Plaintiff that requires no response.  To the extent the paragraph is deemed to contain allegations that require a response, the same are denied.

35.     Paragraph 35 includes statements of law that require no response.  Paragraph 35 also includes conclusory statements made by Plaintiff that require no response.  To the extent the paragraph is deemed to contain allegations that require a response, the same are denied.

36.     Paragraph 36 includes statements of law that require no response.  Paragraph 36 also includes conclusory statements made by Plaintiff that require no response.  To the extent the paragraph is deemed to contain allegations that require a response, the same are denied.

37.     Paragraph 37 includes statements of law that require no response.  Paragraph 37 also includes conclusory statements made by Plaintiff that require no response.  To the extent the paragraph is deemed to contain allegations that require a response, the same are denied.

38.     Paragraph 38 includes statements of law that require no response.  Paragraph 38 also includes conclusory statements made by Plaintiff that require no response.  To the extent the paragraph is deemed to contain allegations that require a response, the same are denied.

39.     As to the first sentence of Paragraph 39, the second refusal letter speaks for itself. To the extent the allegation in the first sentences of Paragraph 39 paraphrases or characterizes the letter, Defendants deny the allegations to the extent they are inconsistent with the letter.  The second and third sentences of Paragraph 39 are conclusory statements made by Plaintiff that require no response.  To the extent the paragraph is deemed to contain allegations that require a response, the same are denied.

40.     Paragraph 40 includes statements of law that require no response.  Paragraph 40 also includes conclusory statements made by Plaintiff that require no response.  To the extent the paragraph is deemed to contain allegations that require a response, the same are denied.

41.     Paragraph 41 includes statements of law that require no response.  Paragraph 41 also includes conclusory statements made by Plaintiff that require no response.  To the extent the paragraph is deemed to contain allegations that require a response, the same are denied.

42.     As to the first sentence of Paragraph 42, the second refusal letter speaks for itself. To the extent the allegation in the first sentence of Paragraph 42 paraphrases or characterizes the letter, Defendants deny the allegations to the extent they are inconsistent with the letter.  The remainder of Paragraph 42 includes statements of law that require no response.  The remainder of Paragraph 42 also includes conclusory statements made by Plaintiff that require no response. To the extent the paragraph is deemed to contain allegations that require a response, the same are denied.

43.     Paragraph 43 includes statements of law that require no response.  Paragraph 43 also includes conclusory statements made by Plaintiff that require no response.  To the extent the paragraph is deemed to contain allegations that require a response, the same are denied.

44.     Paragraph 44 includes statements of law that require no response.  Paragraph 44 also includes conclusory statements made by Plaintiff that require no response.  To the extent the paragraph is deemed to contain allegations that require a response, the same are denied.

45.     Paragraph 45 includes statements of law that require no response.  Paragraph 45 also includes conclusory statements made by Plaintiff that require no response.  To the extent the paragraph is deemed to contain allegations that require a response, the same are denied.

46.     As to the first and second sentences of Paragraph 46, Defendants admit that "AI is not a legal person and does not have rights" and Defendants admit that AI cannot "'own' intellectual property."  The third and fourth sentences of Paragraph 46 include statements of law that require no response and conclusory statements made by Plaintiff that require no response. To the extent the paragraph is deemed to contain allegations that require a response, the same are denied.

47.     As to the first sentence of Paragraph 47, Defendants lack knowledge and information sufficient to form a belief as to the truth of Plaintiff's assertions and, the same are therefore, deemed denied.  The second sentence of Paragraph 47 is a conclusory statement made by Plaintiff that require no response.  To the extent the paragraph is deemed to contain allegations that require a response, the same are denied.

48.     Paragraph 48, including the footnote, contains statements of law that require no response.  Paragraph 48, including the footnote, also contains conclusory statements made by Plaintiff that require no response.  To the extent the paragraph and footnote are deemed to contain allegations that require a response, the same are denied.

49.     Paragraph 49 is a conclusory statement made by Plaintiff that requires no response.  To the extent the paragraph is deemed to contain allegations that require a response, the same are denied.

50.     Paragraph 50 includes statements of law that require no response.  Paragraph 50 also includes conclusory statements made by Plaintiff that require no response.  To the extent the paragraph is deemed to contain allegations that require a response, the same are denied.

51.     Paragraph 51 includes statements of law that require no response.  Paragraph 51 also includes conclusory statements made by Plaintiff that require no response.  To the extent the paragraph is deemed to contain allegations that require a response, the same are denied.

52.     Paragraph 52 includes statements of law that require no response.  Paragraph 52 also includes conclusory statements made by Plaintiff that require no response.  To the extent the paragraph is deemed to contain allegations that require a response, the same are denied.

53.     The first and second sentences of Paragraph 53 include statements of law that require no response and conclusory statements made by Plaintiff that require no response.  To the extent the paragraph is deemed to contain allegations that require a response, the same are denied.  As to the third sentence of Paragraph 53, Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations and the same are deemed denied.

54.     Paragraph 54 includes statements of law that require no response.  Paragraph 54 also includes conclusory statements made by Plaintiff that require no response.  To the extent the paragraph is deemed to contain allegations that require a response, the same are denied.

55.     Paragraph 55 includes statements of law that require no response.  Paragraph 55 also includes conclusory statements made by Plaintiff that require no response.  To the extent the paragraph is deemed to contain allegations that require a response, the same are denied.

56.     Paragraph 56 is a conclusory statement made by Plaintiff that requires no response.  To the extent the paragraph is deemed to contain allegations that require a response, the same are denied.

57.     Paragraph 57 includes statements of law that require no response.  Paragraph 57 also includes conclusory statements made by Plaintiff that require no response.  To the extent the paragraph is deemed to contain allegations that require a response, the same are denied.

11

58.    Paragraph 58 includes statements of law that require no response.  Paragraph 58 also includes conclusory statements made by Plaintiff that require no response.  To the extent the paragraph is deemed to contain allegations that require a response, the same are denied.

59.    Paragraph 59 includes statements of law that require no response.  Paragraph 59 also includes conclusory statements made by Plaintiff that require no response.  To the extent the paragraph is deemed to contain allegations that require a response, the same are denied.

60.    Paragraph 60 includes statements of law that require no response.  Paragraph 60 also includes conclusory statements made by Plaintiff that require no response.  To the extent the paragraph is deemed to contain allegations that require a response, the same are denied.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION

**(Administrative Procedure Act Violation for Denial of Plaintiff's Application)**

61.    In response to Paragraph 61 of the Complaint, Defendants re-allege and incorporate the admissions and denials as stated in Paragraphs 1-60 above.

62.    Defendants admit that the Copyright Office's second refusal to register the Work is a final agency action.  Defendants further admit that Plaintiff is seeking to reverse the Copyright Office's refusal to register.  Any remaining allegations of Paragraph 62 are denied.

63.    Defendants deny Paragraph 63 of the Complaint.

64.    Defendants deny Paragraph 64 of the Complaint.

65.    Defendants deny Paragraph 65 of the Complaint.

66.    Defendants deny Paragraph 66 of the Complaint.

### PRAYER FOR RELIEF

1.    Defendants deny Paragraph 1 of the Prayer for Relief.

12

2.      Defendants deny Paragraph 2 of the Prayer for Relief.

3.      Defendants deny Paragraph 3 of the Prayer for Relief.

**<u>DEFENSES</u>**

1.      The Complaint fails to state a claim upon which relief can be granted.  The

Complaint contains solely legal conclusions and fails to allege any facts to support such

conclusions.

2.      The Copyright Office's decision was not arbitrary, capricious, an abuse of

discretion, or otherwise not in accordance with law.

WHEREFORE, Defendant Shira Perlmutter, Register of Copyright and Director of the

United States Copyright Office, and Defendant the United States Copyright Office pray that

Plaintiff's Complaint be dismissed and for such other and further relief as may be deemed

appropriate.

Respectfully submitted,

BRIAN M. BOYTON
Principal Deputy Assistant Attorney General

GARY L. HAUSKEN
Director

s/ Jenna Munnelly
JENNA MUNNELLY
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Washington, DC 20530
Email: jenna.e.munnelly@usdoj.gov
Telephone:     (202) 616-1061

*Counsel for Defendants*

Of Counsel:
SCOTT D. BOLDEN
Department of Justice

Dated:  September 26, 2022

13